UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| FOUR W TRUCKING, LLC | CIVIL ACTION NO. 22-cv-181 |
| VERSUS | CHIEF JUDGE HICKS |
| JACKIE NGUYEN, ET AL | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Four W Trucking, LLC filed suit in state court to recover damages allegedly caused to its tractor-trailer rig. The three defendants removed the case based on an assertion of diversity jurisdiction, which places the burden on them to allege with specificity that there is complete diversity of citizenship and an amount in controversy that exceeds $75,000. The notice of removal will require amendment to adequately allege the citizenship of some of the parties.

The notice describes Four W Trucking, LLC as "a limited liability company domiciled in Louisiana." That is not sufficient. The citizenship of an LLC is determined by the citizenship of all of its members, with its state of organization or principal place of business being irrelevant. Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077 (5th Cir. 2008). "A party seeking to establish diversity jurisdiction must specifically allege the citizenship of every member of every LLC or partnership involved in a litigation." Settlement Funding, L.L.C. v. Rapid Settlements, Ltd., 851 F.3d 530, 536 (5th Cir. 2017). If the members are themselves partnerships, LLCs, corporations or other form of entity, their citizenship must be alleged in accordance with the rules applicable to that entity, and

the citizenship must be traced through however many layers of members or partners there may be. Mullins v. TestAmerica Inc., 564 F.3d 386, 397-98 (5th Cir. 2009); Rodidaco, Inc. v. Chesapeake Energy Louisiana Corp. 2018 WL 3551525 (W.D. La. 2018).

The rules for alleging the citizenship of a corporate member are set forth in the next paragraph. If a member is an individual, it is his or her domicile rather than mere residency that decides citizenship for diversity purposes, and "an allegation of residency alone 'does not satisfy the requirement of an allegation of citizenship.'" Midcap Media Finance, LLC v. Pathway Data, Inc., 929 F.3d 310, 313 (5th Cir. 2019), quoting Strain v. Harrelson Rubber Co., 742 F.2d 888, 889 (5th Cir. 1984).

The notice alleges that United Natural Foods, Inc. "is a corporation domiciled in Rhode Island." That is not sufficient. A corporation is deemed to be a citizen of (1) the state in which it was incorporated and (2) the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). To establish diversity jurisdiction, a complaint or notice of removal must set forth "with specificity" a corporate party's state of incorporation and its principal place of business. "Where the plaintiff [or removing party] fails to state the place of incorporation or the principal place of business of a corporate party, the pleadings are inadequate to establish diversity." Joiner v. Diamond M Drilling Co., 677 F.2d 1035, 1039 (5th Cir. 1982). The Fifth Circuit requires strict adherence to these straightforward rules. Howery v. Allstate Ins. Co., 243 F.3d 912, 919 (5th Cir. 2001).

The notice of removal alleges that Ace American Insurance Company is "an insurance company domiciled in Pennsylvania." That is not sufficient. The notice of removal must first allege whether Ace is a corporation or an unincorporated association. It

must then set forth with specificity the information required in accordance with the rules set forth above.

Defendants will be allowed until **February 11, 2022** to file an amended notice of removal and attempt to satisfy their burden with respect to the citizenship of the parties. Counsel for Four W Trucking is directed to promptly provide Four W's citizenship information to defense counsel so that this preliminary jurisdictional issue may be resolved promptly and efficiently. The court will review the record again after the deadline to determine whether Defendants have met their burden or whether remand may be required.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 25th day of January, 2022.

Mark L. Hornsby
U.S. Magistrate Judge