UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

FOUR W TRUCKING, LLC  CIVIL ACTION NO. 22-cv-181

VERSUS  CHIEF JUDGE HICKS

JACKIE NGUYEN, ET AL  MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Four W Trucking, LLC filed suit in state court to recover damages allegedly caused to its tractor-trailer rig. The three defendants removed the case based on an assertion of diversity jurisdiction. The court issued an order (Doc. 5) and explained that the defendants would need to file an amended notice of removal and attempt to set forth the citizenship of the parties in accordance with applicable rules.

Defendants have now filed an amended notice of removal (Doc. 6) and have properly alleged the citizenship of all parties except Four W Trucking, LLC. The court explained in the prior order that the citizenship of an LLC is determined by the citizenship of all of its members. Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077 (5th Cir. 2008). "A party seeking to establish diversity jurisdiction must specifically allege the citizenship of every member of every LLC or partnership involved in a litigation." Settlement Funding, L.L.C. v. Rapid Settlements, Ltd., 851 F.3d 530, 536 (5th Cir. 2017). If the members are themselves partnerships, LLCs, corporations or other form of entity, their citizenship must be alleged in accordance with the rules applicable to that entity, and the citizenship must be traced through however many layers of members or partners there may

be.  Mullins v. TestAmerica Inc., 564 F.3d 386, 397-98 (5th Cir. 2009); Rodidaco, Inc. v. Chesapeake Energy Louisiana Corp. 2018 WL 3551525 (W.D. La. 2018).

The court also ordered that counsel for Four W Trucking promptly provide Four W's citizenship information to defense counsel so that this issue could be resolved.  The amended notice of removal states that Four W was an LLC "and each of its members was and is domiciled in Louisiana."  Defendants add that Plaintiff's counsel confirmed in writing "that each member of plaintiff is a citizen of Louisiana."

That is not sufficient.  If Defendants wish to establish diversity jurisdiction, they must specifically allege the citizenship of every member of the LLC.  Generic assertions that all members are citizens of Louisiana are not adequate.  The court has seen a number of cases where parties made such general representation and, when pressed, it was determined that the members were themselves corporations or LLCs and that diversity was ultimately destroyed.

Defendants must allege with specificity the identity of all members of Four W as of the date the state court suit was filed and the date of removal.  Coury v. Prot, 85 F.3d 244, 249 (5th Cir. 1996) ("In cases removed from state court, diversity of citizenship must exist both at the time of filing in state court and at the time of removal in federal court.").  They must then allege with specificity the citizenship of the members in accordance with the applicable rules for an individual or entity. Defendants refer to a document from the secretary of state, but it merely lists the registered agent (irrelevant) and one member of the LLC.  Furthermore, membership in an LLC can change at any time, and that information is not always filed with the secretary of state.

Counsel for both parties are directed to cooperate and assemble the necessary specific information about the members of Four W at the relevant times. Defendants are directed to file another amended notice of removal by February 22, 2022 and attempt to satisfy their burden of establishing complete diversity of citizenship.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 7th day of February, 2022.

Mark L. Hornsby
U.S. Magistrate Judge