UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

FOUR W TRUCKING LLC            CIVIL ACTION NO. 22-cv-181

VERSUS            JUDGE EDWARDS

JACKIE NGUYEN ET AL            MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Four W Trucking, LLC filed this civil action based on allegations that defendants are responsible for a traffic accident that damaged Four W's tractor-trailer rig. It appears that, during the course of the litigation, it was determined that the truck is not owned by Four W. The actual owner is Richard Wilkerson, the only member of Four W. Defendants filed a Motion for Summary Judgment (Doc. 39) that challenged Four W's standing to assert the claims presented in this action.

Plaintiff's response included a Motion for Leave to Amend Complaint (Doc. 46) that would add Richard Wilkerson as an additional plaintiff and allege that the tractor-trailer at issue was owned by Mr. Wilkerson. Defendants oppose the motion because it is beyond the scheduling order's deadline for amendment of pleadings and was not filed until after they raised the issue in their motion for summary judgment.

Whether leave to amend is granted is potentially case dispositive, but Four W did not file a reply memorandum in support of its request for leave to amend. Considering the importance of the issue, and to avoid the potential for sandbagging if Four W were to

present new arguments on appeal, the court directs Four W to file a reply memorandum by **September 6, 2024** and address the issues discussed below.

The original scheduling order (Doc. 25) set a deadline of December 15, 2022 for the joinder of parties and amendment of pleadings. On May 24, 2023, which was within the time allowed for discovery under the original scheduling order (as extended), Mr. Richard Wilkerson testified at a deposition. The excerpts in the record indicate that he was shown a registration for the vehicle involved in the accident. Mr. Wilkerson verified that it was the correct registration and that he, Richard L. Wilkerson, was the owner of the truck. He also testified that he had always been the owner of the truck and that Four W was not the owner. Doc. 39-3, p. 57.

Four W did not immediately seek leave to amend and add Mr. Wilkerson as a plaintiff. But the parties did later file a joint motion to modify the scheduling order, which resulted in an amended scheduling order (Doc. 32) that set the current trial date of November 12, 2024. That scheduling order, issued in August 2023, stated that the deadline was "closed" for the joinder of parties and amendment of pleadings.

Defendants filed a motion for summary judgment on June 21, 2024 and challenged the standing of Four W to seek damages associated with the truck. Four W sought and was granted an extension of time through August 5, 2024 to file a response to the motion. Doc. 44. It was on that August 5 deadline that Four W finally filed the motion for leave to amend that is now before the court.

Federal Rule of Civil Procedure 15(a) provides that leave to amend a pleading "shall be freely given when justice so requires." The standard is very liberal. The Fifth Circuit

has explained that "unless there is a substantial reason, such as undue delay, bad faith, dilatory motive, or undue prejudice to the opposing party, the discretion of the district court is not broad enough to permit denial." Martin's Herend Imports v. Diamond & Gem Trading, 195 F.3d 765 (5th Cir. 1999).

But the rule is different when, as in this case, the court has issued a scheduling order that set a deadline for amendment of pleadings and that deadline has passed. Rule 16(b) governs amendments after a scheduling order deadline has expired. The movant must first demonstrate *good cause* to modify the scheduling order before the more liberal standard of Rule 15(a) will apply to the district court's decision to grant or deny leave. S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA, 315 F.3d 533, 536 (5th Cir. 2003).

The S&W Enterprises decision explained that the appellate court will look to four factors when reviewing a trial court's decision of a post-deadline motion for leave to amend: (1) the movant's explanation for his failure to timely move for leave; (2) the importance of the proposed amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. See also Shaw v. Restoration Hardware, Inc., 93 F.4th 284, 292-93 (5th Cir. 2024). Accordingly, it makes sense for the district court to consider those factors when making its decision.

The importance of the proposed amendment is great because the denial of the amendment may be case dispositive. But prejudice to the defendants, aside from their wasted time and fees preparing the motion for summary judgment on the standing issue, would likely not be significant. There is no indication that the discovery and other trial preparation conducted with Four W as a plaintiff would have changed in any significant

way if Mr. Wilkerson had been a plaintiff. The court can also consider the possibility of a continuance if the defendants insist that there actually is prejudice that would require additional time/discovery to cure.

But the court lacks information about one of the factors. There is no explanation by the movant for its failure to timely move for leave to amend. It appears that the truck ownership issue came to light no later than Mr. Wilkerson's deposition in May 2023, but leave to amend was not sought until August 2024. Before the court issues a ruling, Four W and Mr. Wilkerson will be allowed a final opportunity to file a reply memorandum and address the relevant factors, particularly their explanation for the delay in seeking leave to amend.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 27th day of August, 2024.

Mark L. Hornsby
U.S. Magistrate Judge